IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                       No. CIV S-07-0211 DFL EFB P

    vs.

S. KERNAN, et al.,

    Defendants.           ORDER

_____/

    Plaintiff is a prisoner, without counsel, prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983. This proceeding was removed from state court by defendants and referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) & (2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v.*

*Murphy,* 745 F.2d 1221, 1227-28 (9th Cir.1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona,* 885 F.2d 639, 640 (9th Cir.1989); *Franklin,* 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n,* 651 F.2d 1289, 1294 (9th Cir.1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. *See Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

The Civil Rights Act under which this action was filed provides as follows:  Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld,* 589 F.2d 438, 441 (9th Cir.1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff alleges six claims in his complaint. His first claim is that his First Amendment right to file administrative grievances was violated as a result of retaliation. He claims that defendant Morgan, his Enhanced Outpatient Program ("EOP") case manager, informed him that defendants Vance, Vasquez, and Bailey joined to bar plaintiff from the EOP program due to plaintiff's filing "a lot [sic] of paperwork." Plaintiff filed an administrative appeal regarding the decision to bar him from the EOP program, and also wrote "personal notices" to defendants Vasquez and Bailey, asking why he was "being made a target." Plaintiff and defendant Morgan subsequently attended interviews with defendants Vance, Vasquez, and Bailey, at which each of the defendants denied seeking to bar plaintiff from the program. Defendant Vance, however, stated "your paperwork is starting to cause controversy on my yard. If you can file lawsuits then [sic] your [sic] high functional, my staff say your [sic] manipulative and we don't want you here."

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Pratt* at 806 (citing *Rizzo* at 532). Mere conclusions of hypothetical retaliation will not suffice; a prisoner must "allege specific facts

showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990). Plaintiff has pleaded facts sufficient to show that he was actually removed from the EOP program, and that the named defendants referenced his filing of complaints as the motivating factor behind this change to plaintiff's classification status. Therefore, plaintiff has stated a retaliation claim against defendants Vance, Vasquez, and Bailey. Plaintiff has failed, however, to plead facts sufficient to show that defendant Morgan subjected him to the deprivation of a constitutional right, within the meaning of § 1983, by doing an affirmative act, participating in another's affirmative acts or omitting to perform an act which defendant was legally required to do. Plaintiff has therefore failed to state a claim against defendant Morgan.

Plaintiff's second claim is that defendant Hernandez acted with deliberate indifference to his safety in violation of his Eighth Amendment rights by failing to protect him from the threat of harm presented by his cell mate. The Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[1] *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. *Id.* at 834. To state a cognizable Eighth Amendment claim for failure to

---

[1] It has been held that a prison official violates the Eighth Amendment when two criteria are met. First, a plaintiff's alleged deprivation must be sufficiently serious from an objective standpoint. Put another way, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, a prison official must have a state of mind of "deliberate indifference" to a prisoner's health and safety. *Id.* at 834. In the prison context, "only unnecessary and wanton infliction of pain" implicates the Eighth Amendment. *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Thus, a court can hold a prison official liable only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

4

protect, plaintiff must allege specific facts that help demonstrate that defendant Hernandez knew of and disregarded the substantial risk of serious harm that would result if he did not separate plaintiff from his cell mate. Plaintiff alleges that he informed EOP Housing Officer Hernandez that he and his cell mate "were not getting along." Defendant Hernandez told plaintiff "I can't help you, there is no bed space." Plaintiff again advised defendant Hernandez that he "needed to be removed from housing with [his cell mate], but [d]efendant Hernandez again refused to assist plaintiff." Plaintiff's cell mate then called out to defendant Hernandez saying that he, the cell mate, would be "beating plaintiff's 'ass' as soon as [plaintiff's cell mate] got well." Defendant Hernandez departed, and an altercation between plaintiff and his cell mate ensued, wherein plaintiff's cell mate kicked plaintiff in the stomach. Defendant Hernandez returned, activated his alarm, and escorted both plaintiff and his cell mate to holding cages. Plaintiff was later examined by medical personnel.

An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842; *see also Robins v. Meecham,* 60 F.3d 1436, 1439-40 (9th Cir.1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). This is a question of fact. *Farmer,* 511 U.S. at 842. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference--i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. *Hearns,* 413 F.3d at 1041-42. Mere negligence on the part of the prison official is insufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost,* 152 F.3d at 1128. Plaintiff alleges that his cell mate called out to defendant Hernandez that "as soon as he got well" he would beat plaintiff. The remoteness of this statement (it was conditioned upon the cell mate getting better), and the fact that defendant

immediately responded to the altercation and separated plaintiff and his cell mate, cuts against any finding that defendant Hernandez wantonly failed to take measures to abate a significant risk of serious harm to plaintiff even under the facts as alleged by plaintiff.

Plaintiff also asserts that he informed defendant Hernandez that he would be filing a grievance against him for failing to protect him, and defendant Hernandez informed plaintiff that he would then file a disciplinary report against plaintiff in order to "cover his ass." On November 11, 2006, plaintiff filed an inmate appeal against defendant Hernandez for the acts described herein. On the same date, defendant Hernandez filed a disciplinary report against plaintiff, charging "conduct that could lead to violence." Plaintiff states that he was later found not guilty and the disciplinary report was dismissed in the interest of justice. Plaintiff has failed to state a claim based on deliberate indifferent against defendant Hernandez, but to the extent that plaintiff alleges retaliation by defendant Hernandez, plaintiff has properly stated a claim.

Plaintiff's third claim is that defendant Compton obstructed the delivery of certain personal property to plaintiff by an Officer Wheeler and also referred to plaintiff as a "peace [sic] of shit." Plaintiff also states that when he informed defendant Miner, defendant Compton's supervisor, of this incident, defendant Miner did nothing. Defendant Compton later "began taunting plaintiff with sexual and derogatory remarks, boasting how he would continue to deprive plaintiff of his property, even threatening to place plaintiff in segregation for filing an inmate appeal" regarding the earlier incident. Further, when plaintiff filed an administrative grievance regarding defendant Compton's actions, defendant Moreno, Appeals Investigator, took plaintiff's statement but did not pursue other inmates for statements and in the end did nothing.

Verbal harassment alone, however, is insufficient to state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, though defendant Compton may have insulted plaintiff in a rather puerile manner, this action does not comprise a colorable claim.

Further, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, *et seq*. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. For the foregoing reasons, plaintiff has failed to state a claim against defendants Compton, Miner, and Moreno.

Plaintiff's fourth claim is that defendant Kelly acted with deliberate indifference and "obstructed... every notice sent to her by plaintiff regarding the EOP inmate programs and services, as well as the deprivations imposed upon plaintiff by defendant Vasquez." As to plaintiff's claim of deliberate indifference, plaintiff alleges no facts whatsoever that defendant Kelly knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847. Regarding defendant Kelly's alleged failure to process plaintiff's complaints, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003), citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann v. Adams,*

855 F.2d 639, 640 (9th Cir.1988).  *See also, Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *Flick v. Alba,* 932 F.2d 728 (8th Cir.1991);  *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").  Specifically, a failure to process a grievance does not state a constitutional violation. *Buckley, supra.* Therefore, plaintiff has failed to state a claim against defendant Kelly.

   Plaintiff's fifth claim is a generalized claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, against defendants Kernan, Kelly, Vance, Vasquez, Bailey, and Morgan.  To the extent that plaintiff seeks to bring this action pursuant to Title II of the ADA, he must name a state entity as to his claims for injunctive relief and damages. *See Phiffer v. Columbia River Correctional Institute,* 384 F.3d 791 (9th Cir.2004); *Lovell v. Chandler,* 303 F.3d 1039 (9th Cir.2002).  Plaintiff cannot seek damages pursuant to the ADA against defendants in their individual capacities. *Eason v. Clark County School Dist.,* 303 F.3d 1137, 1144 (9th Cir.2002), citing *Garcia v. S.U.N.Y. Health,* 280 F.3d 98, 107 (2d Cir.2001). Accordingly, plaintiff's claims against the individual defendants under the ADA must be dismissed because plaintiff has not named a proper defendant.  The above defect, however, could be overlooked because official capacity defendants represent the entity over which they have cognizance. Nevertheless, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994); *Weinrich v. L.A. County Metro Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997).

   To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Weinrich,* 114 F.3d

at 978.  Plaintiff improperly claims that a number of individual defendants seek to deny plaintiff classification as an EOP inmate at California State Prison Sacramento (without properly naming that entity as a defendant).  In addition to failing to name a proper defendant, plaintiff does not expressly allege the basis upon which he has been classified as an "EOP" inmate.  Plaintiff's claim that he is being denied EOP status may be a colorable claim, but because plaintiff does not name the appropriate defendant nor has he expressly set forth that he has a qualifying disability under the ADA, his claims against the individual defendants based on the ADA will be dismissed, but plaintiff will be granted one further opportunity to amend his complaint. In order to make out an ADA claim, plaintiff must show that he was "excluded from participation in  ... denied the benefits of ... , or ... subjected to discrimination" in his classification change from EOP to Correctional Clinical Case Management System status because of his disability.  42 U.S.C. § 12132. This he has not done.

Plaintiff's sixth claim is that defendants Kernan, Miner, Moreno, Vance, Vasquez, and Bailey violated his state and federal constitutional rights "knowingly and intentionally, with a sufficiently culpable intent" with customs, habits, and practices known as the "Code of Silence." In support of this claim, plaintiff alleges that defendants "obstructed, ignored, and denied all level of investigations with customs habbits [sic] and practices of the Code of Silence" regarding plaintiff's complaints.  Specifically, plaintiff claims that defendant Scott Kernan, Warden, "obstructed, ignored, and denied all level of investigations with customs habits and practices of the code of silence" after plaintiff's fiancée and mother filed citizens' complaints regarding the incidents alleged in the complaint.  Documentation attached to plaintiff's complaint demonstrates that defendant Kernan responded to each of these complaints, stating that investigations had been conducted resulting in findings that the allegations of staff misconduct were not supported by the evidence.  (Exhibit A, Part 2-J).  Plaintiff does not allege any facts to contradict that investigations were indeed conducted, and therefore fails to state a claim that defendant Kernan acted in furtherance of a "Code of Silence."

1  Also in support of this claim, plaintiff alleges that defendant Miner "refused to prevent
2  defendant Compton" from violating plaintiff's rights.  Because the court finds that defendant
3  Compton did not violate plaintiff's rights, as discussed above, defendant Miner was not
4  obligated to prevent defendant Compton from acting in the manner alleged, however puerile and
5  distasteful it was.  Therefore, plaintiff has failed to state a claim against defendant Miner for
6  furthering the "Code of Silence."

7  Plaintiff further alleges that defendant Moreno, as Appeals Investigator, obstructed,
8  ignored, and denied plaintiff's inmate appeals regarding the actions of defendants Compton and
9  Miner, detailed above.  However, the complaint, and documentation attached to the complaint,
10 indicate that defendant Moreno in fact investigated plaintiff's claims against defendant Compton.
11 Plaintiff therefore fails to state a cognizable claim against defendant Moreno for furthering a
12 "Code of Silence."  Furthermore, from the documentation that plaintiff submitted to the court, it
13 appears that this claim was not reviewed beyond the second level of review and is therefore
14 unexhausted.

15 As to defendants Vance, Vasquez, and Bailey, plaintiff alleges that defendants are "being
16 sued in [their] individual and official capacit[ies] for the 'Code of Silence' customs, habbits
17 [sic], and practices which violated Plaintiff's State and Federal rights," but alleges no facts in
18 support of this contention.  Vague and conclusory allegations concerning the involvement of
19 official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents,* 673
20 F.2d 266, 268 (9th Cir.1982).  Therefore, plaintiff has failed to state a cognizable claim that
21 defendants acted in furtherance of a "Code of Silence."

22 Plaintiff may proceed forthwith to serve defendants Vance, Vasquez, Bailey, and
23 Hernandez and pursue his retaliation claims against only those defendants or he may delay
24 serving any defendant and attempt to state a cognizable claim against defendants Morgan,
25 Compton, Miner, Moreno, Kernan, and Kelly.  If plaintiff elects to attempt to amend his
26

complaint to state a cognizable claim against those defendants, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Vance, Vasquez, Bailey, and Hernandez, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Morgan, Compton, Miner, Moreno, Kernan, and Kelly without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The court (and defendant) should be able to read and understand

11

1  plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading
2  including many defendants with unexplained, tenuous or implausible connection to the alleged
3  constitutional injury, or joining a series of unrelated claims against many defendants, very likely
4  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing
5  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.
6        If plaintiff's pleading is deficient on account of an omission or technical defect, the court
7  will not dismiss it without first identifying the problem and giving plaintiff an opportunity to
8  cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be
9  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff
10  violates the federal rules, once explained, or the court's plain orders.
11        An amended complaint must be complete in itself without reference to any prior
12  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff
13  files an amended complaint, the original pleading is superseded.
14        By signing a first amended complaint plaintiff certifies he has made reasonable inquiry
15  and has evidentiary support for his allegations and that for violation of this rule the court may
16  impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Plaintiff
17  is further admonished that by signing an amended complaint he certifies his claims are warranted
18  by existing law, including the law that he exhaust administrative remedies, and that for violation
19  of this rule plaintiff risks dismissal of his entire action.
20        Accordingly, IT IS HEREBY ORDERED that:
21        1. Claims against defendants Morgan, Compton, Miner, Moreno, Kernan, and Kelly are
22  dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his
23  complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged
24  to amend his complaint.
25        2. The allegations in the pleading are sufficient at least to state cognizable claims against
26  defendants Vance, Vasquez, Bailey, and Hernandez.  *See* 28 U.S.C. § 1915A.  With this order

the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed with this court on January 31, 2007, 4 USM-285 forms and instructions for service of process on defendants Vance, Vasquez, Bailey, and Hernandez. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 5 copies of the January 31, 2007 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Vance, Vasquez, Bailey, and Hernandez will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Morgan, Compton, Miner, Moreno, Kernan, and Kelly without prejudice.

Dated: May 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

      Plaintiff,               No. CIV S-07-0211 DFL EFB P

    vs.

S. KERNAN, et al.,

      Defendants.       <u>NOTICE OF SUBMISSION</u>

_____/    <u>OF DOCUMENTS</u>

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

      One      completed summons

      ____      completed USM-285 forms

      ____      copies of the _____
                                Complaint/Amended Complaint

DATED:

                                          _____
                                          Plaintiff