IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

      Plaintiff,                      No. CIV S-07-0211 JAM EFB P

  vs.

S. KERNAN, et al.,

      Defendants.          <u>ORDER</u>

                            /

       Plaintiff is a prisoner proceeding in pro se in an action asserting civil rights claims under 42 U.S.C. § 1983 against defendants Bailey, Vance, Vasquez and Hernandez. Plaintiff alleges that defendants Bailey, Vance and Vasquez removed him from the Enhanced Outpatient Program (EOP), a mental health service program at California State Prison, Sacramento, in retaliation for his filing of numerous inmate appeals and for assisting other inmates in doing the same. He further alleges that defendant Hernandez filed a bogus disciplinary report against plaintiff in retaliation for his filing of an inmate appeal against Hernandez. Several matters are before the court, including defendants' motion for summary judgment and several discovery-related motions.

////

////

## I. Motion to Depose Witness in Written Form (Docket No. 13)

On December 12, 2007, plaintiff filed a motion seeking leave of court to depose a nonparty witnesses by written questions. Plaintiff also requested that the court appoint a certified shorthand reporter to take the written deposition. Defendants did not file a response to the motion. In some circumstances, leave of court is required before deposing a witness by written questions. *See* Fed. R. Civ. P. 31(a)(2). Plaintiff has not shown that those circumstances are present here. Accordingly, the motion will be denied as it was unnecessary for plaintiff to seek leave of court to take this deposition. *See* Fed. R. Civ. P. 31(a). If plaintiff wanted to depose the witness, plaintiff needed to arrange for the attendance of the witness and arrange for an officer to take responses and prepare the record. *See* Fed. R. Civ. P. 31(a)(1), (a)(3), (b). It is not the court's obligation to do so. Furthermore, the court notes that the discovery deadline has long since passed, and if plaintiff did not proceed with the requested deposition in accordance with Rule 31 prior to the January 11, 2008 deadline, he is now barred from doing so.

## II. Motions to Compel Discovery

Plaintiff did timely propound other written discovery and moves to compel responses. The scope of discovery is defined by Rule 26(b), which permits litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In the discovery context, relevant information includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial. *Id.* District courts enjoy broad discretion both to determine relevancy for discovery purposes, *see Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, *see* Rule 26(b)(2).

A motion to compel is appropriate when a party fails to provide responses to interrogatories submitted under Rule 33, or fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer, or

2

respond." Fed. R. Civ. P. 37(a)(4).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, and supporting its objections. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

**A. Motion to Compel Responses to Interrogatories and for Sanctions (Docket No. 14)**

On December 17, 2007, plaintiff filed a motion to compel further discovery responses from defendants. Specifically, plaintiff seeks further responses from defendant Vance to interrogatory nos. 5, 9, and 23, further responses from defendant Vasquez as to interrogatory nos. 6, 24 and 25, and further responses from defendant Bailey as to interrogatory nos. 8, 10, 11, 12 and 24. On January 2, 2008, defendants filed an opposition.

**1. Defendant Vance**

In interrogatory no. 5, plaintiff asks Vance to "explain whether you are currently being sued by other mentally disable[d] inmates who allege that you have imposed retaliation against them while acting as facility Captain over the EOP program." Vance, who is not a medical professional, objects that the request calls for improper medical opinion regarding whether inmates are "mentally disabled," which is beyond Vance's knowledge. The objection is well-taken. Vance is not a medical professional and he in not qualified to render an opinion as to who is mentally disabled. Therefore, the motion as to interrogatory no. 5 is denied.

In interrogatory no. 9, plaintiff asks Vance to "explain and provide all knowledge you have as to whether you or any of your subordinates were ever contacted by the office of attorney general concerning any of the issues raised by this lawsuit during the times plaintiff was housed on the facility where you were facility captain over the EOP program." Vance objects on the

grounds that the request is vague, ambiguous, overbroad, and compound, that the information sought is not likely to lead to the discovery of admissible evidence and that the information sought is protected by the attorney-client privilege and the attorney work-product doctrine.

Plaintiff is simply asking Vance to tell him about communications between the office of the attorney general and Vance or his subordinates that concern the issues raised by this lawsuit. The issue raised by this lawsuit, as relevant to Vance, is that Vance retaliated against plaintiff for filing inmate appeals and assisting other inmates in doing the same. Plaintiff has satisfied his burden that the information sought is relevant to his retaliation claim by suggesting that the office of the attorney general was aware of a group inmate appeal filed by EOP patients, including plaintiff and may have informed Vance of the appeal. *See* Pl.'s Reply, Ex. B. Vance neither admits nor denies knowledge of this group appeal and whether Vance was aware of the group appeal is relevant to this action. Additionally, although the interrogatory does refer to contacts with Vance by the Office of the Attorney General concerning the issues raised in this case, the information requested does not necessarily call for information protected by the attorney-client privilege. The question is complicated by the fact Vance has claimed the privilege (including the attorney work-product doctrine) but has not complied with Rule 26(b)(5), which requires that he describe the nature of the communications not disclosed in a way that will enable the other party to assess the claim. Furthermore, the attorney-client privilege protects confidential communications; it does not protect facts related to whether a communication took place, or the time, date, and participants in the communication. *Amco Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-cv-06456, 2006 U.S. Dist. LEXIS 21205, at *32-34 (E.D. Cal. Apr. 10, 2006). Vance should be able to respond to this interrogatory in good faith and without disclosing the content of confidential communications. Accordingly, Vance will be ordered to respond to interrogatory no. 9.

Plaintiff also contends that Vance's response to interrogatory no. 23 is evasive and nonresponsive. Vance submits with his opposition an amended response to interrogatory no. 23

4

and plaintiff does not object to this amended response in his reply brief.  The court finds that the amended response is sufficient and the motion as to interrogatory no. 23 is denied.

### 2. **Defendant Vasquez**

In interrogatory no. 6, plaintiff asks Vasquez to "explain and Provide all knowledge you have as to whether you ever instructed or advised doctor K. Morgan to discharge Plaintiff from the EOP Program during the times the deprivations are claimed in this lawsuit."  Vasquez responds as follows:

> Defendant objects to this interrogatory on the ground that it is vague, ambiguous and overbroad in use of the terms "Provide all knowledge" and "instructed or advised."  Defendant objects to this interrogatory on the basis that it is overbroad as to time, compound, and not likely to lead to the discovery of admissible evidence.  Without waiving these objections, decisions to discharge an inmate from EOP are made by a treatment team consisting of clinical and correctional staff who are assigned to EOP.  Doctor Morgan, as a case manager, is part of the treatment team.  Decisions to change the level of care are made by the treatment team and are never only made by the case manager.  The goal of EOP is to provide a structured environment where an inmate's clinical needs can be assessed, stabilized, treated, and, when clinically appropriate, transitioned to a lower level of care.

Vasquez's objections are overruled and the information he provides is nonresponsive, as it does not answer the question of whether he instructed or advised Dr. Morgan to discharge plaintiff from the EOP Program.  Accordingly, Vasquez shall supplement his response to interrogatory no. 6.

In interrogatory no. 24, plaintiff asks Vasquez to "explain and provide all knowledge you have as to why the interdisciplinary treatment team determined that plaintiff could no longer benefit from the EOP program at CSPS."  Vasquez responds as follows:

> Defendant objects to this interrogatory on grounds that it is vague, ambiguous and overbroad in use of the terms "explain and provide all knowledge," "interdisciplinary treatment team" and "could no longer benefit."  Defendant objects to this interrogatory on the basis that it is overbroad as to time, that it is compound, and not likely to lead to the discovery of admissible evidence.  Without waiving these objections, without reviewing the notes of the IDTT and Plaintiff's medical files I can not answer this interrogatory.  Discovery is ongoing and continuous, Defendant reserves the right to supplement this response as necessary.

1    Again, Vasquez's objections are overruled and the response is inadequate. If Vasquez knows
2    why the interdisciplinary treatment team determined that plaintiff could no longer benefit from
3    the EOP program, he must say so. If he does not know why, he must also say so. If an adequate
4    response to this question requires review of certain records, as Vasquez states, then Vasquez
5    should have, at a minimum, directed plaintiff to such records. *See* Fed. R. Civ. P. 33(d). It was
6    not until filing their opposition brief that defendants revealed that the information sought is
7    contained in records maintained at plaintiff's current institution. Accordingly, Vasquez will be
8    ordered to supplement his response to interrogatory no. 24 and to either provide to plaintiff the
9    records containing the information he seeks or confirm to the court that plaintiff has been
10   granted access to these records.

In interrogatory no. 25, plaintiff asks Vasquez to "explain and provide all knowledge you have as to whether plaintiff was suffering from the same mental health issues which resulted in plaintiff's placement in the EOP program in 2005, at the time plaintiff was discharged by the interdisciplinary treatment team to CCCMS also in 2005." Vasquez responds:

> Defendant objects to this interrogatory on grounds that it is vague, ambiguous and overbroad in use of the terms "explain and provide all knowledge," "interdisciplinary treatment team" and "same mental health issues." Defendant objects to this interrogatory on the basis that it is overbroad as to time, that it is compound, and not likely to lead to the discovery of admissible evidence. Without waiving these objections, inmates who transition from EOP to CCMS are assessed by the interdisciplinary treatment team to have shown improvement in the management of their psychiatric symptoms, medication compliance and adequate social adjustment to appropriately transition to CCCMS.

Vasquez's objections are overruled and the information he provides is nonresponsive, as it does not answer the question of what knowledge or information he had on whether, when plaintiff was discharged from the EOP program, he suffered from the same mental health issues that resulted in his initial placement in the EOP program. Accordingly, Vasquez shall supplement his response to interrogatory no. 25.

////

////

6

### 3. **Defendant Bailey**

Interrogatory nos. 8, 10, 11 and 12 seek information pertaining to whether Bailey contends that plaintiff has a "delusion." Bailey objects that the term "delusion" is a medical term and since Bailey is not a medical professional, he is not qualified to answer whether plaintiff has or had a "delusion." Plaintiff's point in the use of this term in these interrogatories is not clear. However, Bailey is not a medical professional and he cannot provide an opinion as to whether plaintiff has or had a "delusion." Therefore, the motion as to these interrogatories is denied.

In interrogatory no. 24, plaintiff requests "the name and relevance of any witness you intend to call at trial in support of your denial of plaintiff's claims alleged against you herein." Bailey responds that he "does not know at this time the names of witnesses he intends to call at trial in support of his denial." Bailey states in his opposition brief that once he has decided who he will call as a witness for trial, he will inform plaintiff. Plaintiff's request is not simply an interrogatory to defendant to identify any persons known to have witnessed the events in question, a typical discovery request, and indeed, information that is required in initial disclosures in non-excepted civil cases. Rather, plaintiff appears to be asking Bailey to provide the list of witnesses that he will call at trial. That list and the list of exhibits that Bailey will use at trial are to be provided in Bailey's final pretrial statement, which is not yet due. Accordingly, the motion as to this interrogatory is denied.

### 4. **Sanctions**

Plaintiff requests unspecified sanctions against defendants because their failure to disclose the requested information was without substantial justification. The court declines to impose sanctions.

////

////

////

7

### B. Motion to Compel Production of Documents from Defendant Vance and for Sanctions (Docket No. 18)

Plaintiff also moves to compel production of documents from defendant Vance and for sanctions.

In request no. 3, plaintiff asks for documents that would discuss any allegations of retaliation made by EOP inmates against Vance. Vance responds that he does not have possession of any such documents nor does he know if such documents exist. Vance's response is seemingly inconsistent with his response to interrogatory no. 4, where he states that he is aware of other inmates making allegations against him for retaliation. Accordingly, the motion is granted as to request no. 3. Vance is ordered to conduct a reasonable search for the requested documents and to produce such documents, if any exist. If none exist, Vance shall say so in an appropriate certification that describes his efforts to locate such documents and is signed under penalty of perjury.

In request no. 5 plaintiff asks for documents that would mention, discuss or verify Vance's response to interrogatory no. 8. Vance responds that he has no such documents in his control, custody or possession. In interrogatory no. 8, plaintiff asked Vance whether he has been contacted by attorneys who are involved in a separate lawsuit. Vance responded that the attorneys had not contacted him. Given his answer that he had not been contacted, it is reasonable that Vance does not have documents responsive to request no. 5. Additionally, the party seeking production bears the burden of showing that the opposing party has control of the sought-after documents. *United States v. International Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Plaintiff has not met this burden and plaintiff's motion as to request no. 5 is denied.

In request no. 9, plaintiff requests "[a]ll documents which would mention, discuss, or verify [Vance's] response to Plaintiff's First Set of Interrogatories, No. 25 . . . ." Interrogatory no. 25 requested "evidence which would mention . . . [Vance's] claim that [he] did not violate

8

any of plaintiff's constitutional rights." Vance objected to interrogatory no. 25 and plaintiff did not seek to compel a response. Vance also objected to request no. 9. The court observes that the documents requested have likely been provided to plaintiff with defendants' motion for summary judgment, filed March 7, 2008. Additionally, Vance represented to the court in his opposition brief that once he knows what documents he will use in the defense of his case, he will provide a supplemental response to the request. Accordingly, the court will deny the motion as to this request. The court will also deny plaintiff's request for sanctions.

### C. Motion to Compel Production of Documents from Defendant Vasquez (Docket No. 23)

Plaintiff has also moved to compel the production of documents in response to seven of his requests directed to defendant Vasquez.

In request no. 2, plaintiff requests "[a]ll documents which would mention, discuss, or verify any statements made by any potential and/or material witness to any of the issues raised by this lawsuit." Vasquez objects to this request as vague, ambiguous, overbroad and calling for information protected by the attorney work-product doctrine.

The court does not find the request to be vague, ambiguous or overbroad. As defendants note in their opposition, plaintiff simply "seeks the disclosure of documents containing statements made by material witnesses." Defs.' Opp'n, 4:9. Vasquez should be able to respond to this request in good faith. Furthermore, and as explained above, if a party withholds documents by claiming protection by the attorney work-product doctrine, that party must describe why those documents qualify for such protection under Rule 26(b)(3). Fed. R. Civ. P. 26(b)(5). Vasquez has not identified any documents that would qualify as work product. For these reasons, plaintiff's motion to compel a response to request no. 2 is granted, and the court will order Vasquez to produce responsive documents, if any exist.

The court must also respond to defendants' contention that a response to request no. 2 would not include documents containing statements made by Dr. Morgan because Dr. Morgan

9

has not yet been dismissed from this action as a defendant. The fact that Dr. Morgan is still a potential defendant in this action does not mean that she is removed from the category of witnesses for purposes of plaintiff's request.

In request no. 11, plaintiff asks Vasquez to produce "[a]ll documents which would mention, discuss, or verify any statements made by doctor psychologist Dina Botello related to the issues raised by this lawsuit." Vasquez responds that he is not aware of any documents containing statements made by Dina Botello. The court finds this response to be sufficient and the motion as to this request is denied.

In request no.14, plaintiff requests "[a]ll tangible evidence in the custody, possession, or control of Defendants' their agents or employees related to the issues raised by this lawsuit." Vasquez objects to this request as vague, ambiguous and overbroad. That objection is sustained and the motion as to this request is denied.

In requests nos. 8, 9, 10 and 12, plaintiff asks for all documents that mention any adverse personnel action, any citizen's complaints, and any inmate 602 appeals filed against defendant Vance for retaliation against EOP inmates. Vasquez objects that the requests are overbroad, not likely to lead to the discovery of admissible evidence, and call for information that if disclosed, would violate the privacy rights of persons not party to this lawsuit and may compromise the safety and security of the institution and other inmates. Vasquez further responds that he does not have custody or control of Vance's documents or personnel record and that the request for inmate appeals is burdensome because of the way in which inmate appeals are filed.

The court will grant the motion as to request nos. 9, 10 and 12 and deny the motion as to request no. 8. Request no. 8 seeks the same documents as request no. 9 – documents that mention any adverse personnel action taken against Vance for retaliation against EOP inmates. Unlike request no. 9, however, request no. 8 is overbroad because it is not limited as to time. Request nos. 9, 10 and 12 seek information highly relevant to plaintiff's retaliation claim and may lead to evidence admissible under Rule 404(b) of the Federal Rules of Evidence.

1 Furthermore, the requests are narrow in that they only seek documents relating to action taken
2 against Vance for retaliation against EOP inmates within the past five years.  The court will
3 further narrow the scope of the documents to those where the past allegation(s) was sustained in
4 some manner.  Accordingly, Vasquez is ordered to conduct a reasonable search for the requested
5 documents, as modified herein as to scope, and to produce such documents, if any exist.
6 Vasquez may redact from the relevant documents any information relating to the identities of
7 third parties.  If a reasonable search does not reveal responsive documents, Vasquez shall so
8 certify by filing a declaration with this court, signed under penalty of perjury and describing his
9 efforts to locate such documents.

10 Plaintiff requests unspecified sanctions against defendants because their failure to
11 disclose the requested information was without substantial justification.  That request is denied.

12 **III.     Motion for Transcript (Docket No. 16)**

13 On December 20, 2007, plaintiff filed a request for the court to order defendants to
14 provide him with a free copy of his deposition transcript.  Plaintiff makes this request on the
15 grounds that his deposition transcript is relevant to the subject matter of this lawsuit, and
16 therefore, must be disclosed as a matter of law.  Plaintiff further contends that defendants cannot
17 produce a copy of the requested transcript to plaintiff absent a court order because such
18 production would be copyright infringement against the certified shorthand court reporter who
19 has the exclusive right to make copies or authorize copies of the transcripts of plaintiff's
20 deposition.

21 The officer before whom a deposition is taken must retain stenographic notes of the
22 proceedings or a copy of the recording of a deposition taken by a different method.  Fed. R. Civ.
23 P. 30(f)(3).  That officer must provide a copy thereof to any party or to the deponent upon
24 payment of reasonable charges therefor.  *Id.*  The defendants are not obliged to provide plaintiff
25 a copy of the certified copy of the transcript of the deposition proceedings that they purchased
26 unless they are submitting it as evidence on a motion or at trial.  If plaintiff wants his own copy

11

he must obtain it from the officer before whom the deposition was taken pursuant to Rule 30(f)(2). This request is denied.

### IV. Request for an Order for Service of Civil Subpoena Duces Tecum (Docket No. 22)

On January 11, 2008, plaintiff filed a motion requesting that the court issue a subpoena ordering the California Department of Corrections and Rehabilitation ("CDCR") to provide plaintiff with copies of any citizen's complaints and any inmate 602 appeals filed against defendant Vance for retaliation against inmates within the past five years. Plaintiff states that these documents are relevant to his retaliation claim against Vance, "as there are other inmates who have been retaliated against by defendant Vance for legal activity, including other inmates who have filed inmate appeals and civil rights complaints . . ." Pl.'s Mot. for Order of Subpoena Duces Tecum, 4:6-10. Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Rule 45. Plaintiff's motion is granted. However, if plaintiff seeks to have a subpoena served by the United States Marshal, he must provide the court with a subpoena duces tecum from this court, as the subpoena he attached to his motion is from the California state court. Accordingly, the Clerk is ordered to send plaintiff a subpoena duces tecum in order to request that the CDCR provide plaintiff with the requested documents.

### V. Defendants' Motion for Summary Judgment (Docket No. 29)

Defendants' March 7, 2008, motion for summary judgment is pending before the court. In light of the fact that the court will order certain defendants to respond further to some of plaintiff's discovery requests and extend the discovery deadline to allow for compliance with this order, defendants' motion will be denied without prejudice. *See* Fed. R. Civ. P. 56(f). Defendants may renew their motion no earlier than sixty days and no later than ninety days from the date of this order. Defendants either may file an amended motion including a new brief and supporting documents, or simply renew the one previously filed by filing a notice of such renewal. Plaintiff, too, may file an amended opposition brief or renew the one previously filed

by filing a notice of such renewal.

Accordingly, it is ORDERED that:

1. Plaintiff's December 12, 2007, motion to depose a witness in written form (docket no. 13) is denied as unnecessary;

2. Plaintiff's December 17, 2007, motion to compel responses to interrogatories and for sanctions (docket no. 14) is granted as to interrogatory no. 9 to Vance and interrogatory nos. 6, 24 and 25 to Vasquez. Vasquez is further ordered to either provide the records referenced in his response to interrogatory no. 24 or confirm to the court that plaintiff has been granted access to these records. In all other respects plaintiff's motion is denied;

3. Plaintiff's December 26, 2007, motion to compel production of documents from defendant Vance and for sanctions (docket no. 18) is granted as to request no. 3. If no responsive documents exist, Vance shall say so and describe his efforts to locate such documents in a declaration signed under penalty of perjury. In all other respects plaintiff's motion is denied;

4. Plaintiff's January 11, 2008 motion to compel production of documents from defendant Vasquez and for sanctions (docket no. 23) is granted as to request nos. 2, 9, 10 and 12. If no responsive documents exist as to request nos. 9, 10 and 12, Vasquez shall say so in an appropriate certification that describes his efforts to locate such documents and is under penalty of perjury. In all other respects plaintiff's motion is denied;

5. Defendants shall produce the discovery and/or declarations compelled herein, under oath, no later than October 30, 2008;

6. Plaintiff's December 20, 2007 request for a transcript (docket no. 16) is denied;

7. Plaintiff's January 11, 2008 motion for an order for service of civil subpoena duces tecum (docket no. 22) is granted. The Clerk of the Court is directed to send plaintiff a blank form for a civil subpoena duces tecum, and no later than October 30, 2008, plaintiff should return the form properly filled out so that the court may forward it to the U.S. Marshal;

8. The discovery deadline is extended to November 28, 2008, for the limited purpose of providing plaintiff with time in which to file any necessary motions following defendants' responses to this order;

9. Because discovery in this action shall remain ongoing, defendants' motion for summary judgment (docket no. 29) is denied without prejudice. Defendants may renew their motion after the November 28, 2008 discovery deadline; and

10. The court finds that many of defendants' objections to plaintiff's discovery requests are not well-founded. Defendants are cautioned that failure to comply with any of this court's orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions including monetary sanctions, evidentiary sanctions and/or the dismissal or default of his case.

Dated: September 30, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE