IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

    Plaintiff,                    No. CIV S-07-0211 JAM EFB P

    vs.

S. KERNAN, et al.,

    Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 14, 2008, plaintiff filed a motion for reconsideration of the court's prior discovery order. On November 17, 2008, he filed a motion to compel. On November 24, 2008, he filed a motion to compel defendant Bailey to respond to the additional interrogatories. For the reasons stated below, plaintiff's motions are denied.

**I.    Motion for Reconsideration**

       On September 30, 2008, the court granted plaintiff's December 17, 2007 motion to compel in part, but denied it to the extent that plaintiff sought further responses from defendant Bailey as to various interrogatories. On October 14, 2008, plaintiff filed a motion for reconsideration as to the latter portion of the order, and in the alternative, sought leave to propound additional interrogatories on Bailey. Although motions to reconsider are directed to

1

the sound discretion of the court, *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . [which] were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 78-230(k). The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064 (1986). Plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown upon the prior motion, and thus, his motion is denied. *See* L.R. 78-230(k).

Additionally, plaintiff's request for leave to propound additional interrogatories, which, if granted, would necessitate modification of the scheduling order, is denied. A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The deadline for serving discovery requests was November 12, 2007. Sept. 17, 2007 Order at 4. Plaintiff has failed to make the showing required to modify this deadline.

Since plaintiff did not have leave of court to propound additional interrogatories, his November 24, 2008 motion to compel Bailey to respond to the additional interrogatories plaintiff served on October 7, 2008, must also be denied.

**II.     Motion to Compel Disclosure of Third-Party Witnesses**

On September 30, 2008, the court ordered defendant Vance to produce documents containing allegations of retaliation by Enhanced Outpatient Program ("EOP") inmates. In response to that order, Vance provided plaintiff with a total of three inmate appeals filed against

Vance and redacted the names of persons not a party to this lawsuit. Defs.' Opp'n to Pl.'s Mot. to Compel ("Defs.' Opp'n") at 2. On November 17, 2008, plaintiff filed a motion to compel defendants to disclose the identity of the inmates who filed two of the three appeals. Plaintiff asserts he requires the names of these inmates so that he may contact them to serve as witnesses in this case. Defendants oppose on the grounds that the issues complained of by the unidentified inmates do not relate to the issues raised by plaintiff in this lawsuit, and that identifying the inmates implicates serious safety and privacy concerns.

As the court stated in its September 30, 2008 order, "[t]he issue raised by this lawsuit, as relevant to Vance, is that Vance retaliated against plaintiff for filing inmate appeals and assisting other inmates in doing the same." Sept. 30, 2008 Order at 4. The inmate appeals produced by Vance concern this very issue. However, none of the appeals were sustained in any manner, and as such, amount to nothing more than unsubstantiated allegations. *See* Defs.' Opp'n, Decl. of Vance in Supp. Thereof ¶ 4. Furthermore, plaintiff has access to the names of fifty-seven inmates who signed a group appeal with plaintiff, alleging that Vance used his authority to exclude the EOP inmates that he did not like or who filed too many grievances. Defs.' Opp'n, Decl. of Barlow in Supp. Thereof ¶ 2. Additionally, the court recognizes that privacy interests may be a basis for restricting discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). For these reasons, plaintiff's motion to compel is denied.

**III.   Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's October 14, 2008 motion for reconsideration or leave to propound additional interrogatories is denied;

2. Plaintiff's November 17, 2008 motion to compel the disclosure of third-party witnesses is denied; and,

////

////

3.  Plaintiff's November 24, 2008 motion to compel discovery responses from defendant Bailey is denied.

DATED:  June 15, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE